## Case No. 10,231.

### NICHOLLS et al. v. HODGE.

[2 Cranch, C. C. 582.] 1

Circuit Court, District of Columbia. June 1, 1825. 2

EXECUTORS AND ADMINISTRATORS — ACCOUNT — CONTEST BY CREDITORS—COMPENSATION OF EXECUTOR — JURISDICTION OF ORPHANS' COURT — CONTENDING CREDITORS.

1. The creditors of the insolvent estate of a deceased debtor have a right to contest the set-

1 [Reported by Hon. William Cranch, Chief Judge.]
2 [Affirmed in part and reversed in part in 1 Pet. (26 U. S.) 562.]

tlement of the executor's account before the orphans' court, and to appeal from its decision to this court.

2. The amount of compensation to be allowed to the executor for his services in settling the estate within the limits of 5 and 10 per cent. on the inventory, is a matter within the exclusive cognizance of the judge of the orphans' court, and while his order upon that subject remains unrepealed, it is conclusive against the creditors, and could not be controverted upon plene administravit.

3. A claim by the executor, as a creditor of the estate, cannot be controverted by the other creditors before the orphans' court. That court has no definitive jurisdiction between contending creditors.

This was an appeal from the orphans' court.

Nicholls and others, creditors of Thomas C. Hodges, deceased, filed a petition to the judge of the orphans' court of this county on the 24th of September, 1823, stating that the estate of the deceased is insolvent; that the allowance made by the judge to the executor, on settlement of his account of administration on the 26th of October, 1822, of a commission of 10 per cent. on the amount of debts paid ($21,765.83), equal to $2,176.58, is more than a just compensation for his services in settling the estate; and praying a rehearing, as they had no notice of his application for such an allowance. They state that he had very little trouble. On the 23d of January, 1824, the petitioners amended their petition, and prayed for a rehearing as to an item of $900, allowed by the judge to the executor for his personal claim as a creditor of the estate for services rendered as a clerk to the testator in his lifetime. To this petition the executor filed his answer on the 26th of January, 1824, denying that he had little trouble, and claiming credit for the promptness and fidelity with which he had executed his trust, and insisting that his claim for services to the testator in his lifetime, was fair, legal, and equitable. To this answer a general replication was filed, and evidence taken as to the trouble and labor required to settle the estate, and as to the executor's claim against the estate for services to the testator in his lifetime, as his clerk. Upon the rehearing, the orphans' court affirmed its first judgment and the creditors have appealed to this court.

Mr. Key, for appellant.
R. S. Coxe, for appellee.

Before CRANCH, Chief Judge, and MORSELL, and THRUSTON, Circuit Judges.

CRANCH, Chief Judge. The first question which occurred to me upon the opening of this cause was, whether the orphans' court had jurisdiction between the executor and creditors; and whether the creditors had any right to intervene in the cause and pray a rehearing of an order made upon the settlement of the executor's account. They were no parties to that settlement, and are

not bound thereby. Beatty v. State of Maryland, 7 Cranch [11 U. S.] 281. But upon further consideration I am inclined to think that my first impression was wrong. I think the order of the judge fixing the amount of the compensation of the executor for his administration of 'the estate, so long as it remains unrepealed, is conclusive in favor of the executor and against the creditors, because it is a matter within the exclusive cognizance of the judge, and left to his discretion by the very words of the statute; and his order, allowing it, could not be controverted upon the plea of plene administravit. The other items of the account, not depending upon the discretion of the judge, are not conclusive upon the creditors. As to the item of commissions, the creditors were therefore interested, and had a right to ask for a rehearing; and had a right to appeal from a decision against them on that point. But as to the other items, viz. the $900, claimed by the executor as a creditor of the estate, it is a mere contest between contending creditors, of which the orphans' court has no jurisdiction. It can decide nothing definitely between them. The whole question is open upon plene administravit. The allowance of that item is no gravamen of which the petitioners can complain. Their rights are not, in any manner affected thereby, and they have no right to intervene. I shall therefore dismiss that item, with the remark, that it is no ground for reversing the decree or sentence of the orphans' court. But the question of commission, at the rate of 10 per cent., is still before us. It was a question left entirely to the discretion of the judge. But when a statute gives a discretion to a judge, it means a sound and legal discretion; not whim, or caprice, or fancy. And if an appeal be given, the same discretion is transferred to the appellate court, who are, under all the circumstances of the case, to decide whether the court below has exercised its discretion soundly. By the civil law, and especially by the canon law, a remnant of which lurks in the orphans' court, an appeal transfers the whole cause to the appellate court, where the appellant may "non allegata allegare, et non probata probare." Clark, Praxis Adm. tits. 54, 60. The question, therefore, is now before us, whether the judge below exercised his discretion soundly and legally, in allowing the executor a commission of 10 per cent. upon the amount of the inventory, excluding what was lost upon the sales. The insolvency of the estate cannot affect the present question; for, if the estate were solvent. the allowance of the commission would be as much in derogation of the rights of the distributees as it is now of those of the creditors. The answer of the executor, which, in this respect, is responsive to the petition, and is. therefore, evidence in his favor, says that he had many months of trouble and labor, attended with a great deal of expense, and a necessary abandonment of his own private concerns, in bringing the business to a close; and that, upon the present state of the account of his administration, there is a large balance due to him. Mr. Isaac S. Nicholls, with whom the executor boarded, also testified that he seemed to have a great deal of trouble in the settlement of the business. It also appeared in evidence, that the testator had bequeathed to the executor a considerable legacy, which failed of effect, in consequence of the insolvency of the estate. It appeared, also, that the principal part of the estate consisted of a shop of goods, which the executor employed an auctioneer to sell; and having received notes from the purchasers, he paid them over to the creditors in discharge of the debts due from the estate. By the old testamentary system of Maryland, a commission of 10 per cent. upon the amount of debts paid, was allowed, in all cases, and an additional 5 per cent. in cases of extraordinary trouble; and 10 per cent. was the customary commission allowed to the factors of foreign merchants for collecting the debts due to their constituents. Taking into consideration all these circumstances, and that the orphans' court, who superintended the settlement of the estate, had the best means of judging of the merits of the executor, who was the nephew of the testator, and the intended object of his bounty, I am of opinion that the judge exercised his discretion soundly and legally, and that the decree ought to be affirmed with costs.

THRUSTON, Circuit Judge, concurred in this decision, upon the ground that this court had no right to control the discretion of the judge of the orphans' court.

MORSELL, Circuit Judge, dissented, because he thought the discretion of the judge had not been exercised soundly, and because he ought not to have allowed the executor to retain the $900 for his claim against the estate.

The supreme court (1 Pet. [26 U. S.] 562) affirmed the sentence of the orphans' court, as to the commissions, but reversed it as to the $900.